IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

```
900 TC SAVANNAH HOLDINGS, LLC, )
                               )
     Plaintiff,                )
                               )
v.                             )    CASE NO. CV421-302
                               )
BPR POOLER, LLC,               )
                               )
     Defendant.                )
                               )
```

## O R D E R

Before the Court is Plaintiff 900 TC Savannah Holding, LLC's Complaint. (Doc. 1.) The Court finds the jurisdictional allegations contained in the complaint are insufficient to establish complete diversity between the parties. Accordingly, Plaintiff is **DIRECTED** to file within fourteen days from the date of this order an amended complaint that lists the members of Plaintiff and Defendant BPR Pooler, LLC, and their citizenships.

Plaintiff contends this Court has diversity jurisdiction over the case pursuant to 28 U.S.C. § 1332. (Doc. 1 at ¶ 4.) "The party seeking to invoke a federal forum traditionally bears the burden of persuasion on jurisdictional issues such as establishing the citizenship of the parties." Life of the S. Ins. Co. v. Carzell, 851 F.3d 1341, 1344 (11th Cir. 2017) (citations omitted). The Eleventh Circuit has held that "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022

(11th Cir. 2004). To properly allege the citizenship of an LLC, "a party must list the citizenships of all the members of the limited liability company[.]" Id. at 1022. Furthermore, the general allegation that no member of an LLC is a Georgia citizen is insufficient for a plaintiff to carry its burden of establishing complete diversity between the parties. See Toms v. Country Quality Meats, Inc., 610 F.2d 313, 316 (5th Cir. 1980) ("[W]hen jurisdiction depends on citizenship, citizenship should be distinctly and affirmatively alleged.") (citations and quotations omitted)).[1]

Here, Plaintiff has failed to adequately allege the citizenships of its and Defendant's members. With respect to its citizenship, the complaint merely states that "Plaintiff[] is a Delaware limited liability company with its principal place of business at 50 S Steele Street, Suite 200, Denver, CO 80209." (Doc. 1 at ¶ 2.) With respect to Defendant, the complaint states that "Defendant[] is a Georgia limited liability company[] with its principal place of business located at 111 Greenview Drive, Savannah, Georgia, 31405." (Id. at ¶ 3.) Plaintiff's complaint does not include a list of its or Defendant's individual members, along with their citizenships. As a result, the information in Plaintiff's complaint is insufficient to establish complete diversity. Accordingly, the

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2

Court **DIRECTS** Plaintiff to file an amended complaint within **fourteen days** from the date of this order listing all of its and Defendant's members and their citizenships.[2] Failure to do so will result in dismissal of this case for lack of subject matter jurisdiction.

SO ORDERED this 28th day of October 2021.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] The Court will not accept any amended complaint that incorporates by reference any factual allegation or argument contained in an earlier filing. Plaintiff's amended complaint should be a stand-alone filing that independently contains all the factual allegations necessary to establish diversity between the parties.